## Commonwealth v. Thomas, Jr.

*Gene S. Eanes* (member of the bar of the State of Florida), pro hac vice, for relatrix.

*Robert S. Glass*, for defendant.

O'KICKI, July 28, 1972.—This matter is before the court on a petition of nonsupport filed by plaintiff-wife, a resident of the State of Florida, against defendant-husband, a resident of the State of Pennsylvania, in accordance with the provisions of the Uniform Reciprocal Enforcement of Support Law of the State of Florida, which the State of Pennsylvania recognizes.

Defendant in open court has raised two defenses to the action of support, to wit: desertion by his wife and a denial of the paternity of the child, born during coverture, on August 8, 1971.

Pursuant to the Act of July 13, 1961, P. L. 587, sec. 10, 28 PS §307.11, defendant had previously requested an opportunity to have blood grouping tests performed in order to determine his paternity of the child that he is asked to support. The time and place for the taking of such tests were set by another member of this court and, accordingly, arrangements were tentatively made to have blood tests taken of mother and child in Orange County, Fla., and of the putative father here in Johnstown, Pa., all at the expense of defendant.

This matter is governed by the Uniform Act on Blood Tests to Determine Paternity of July 13, 1961, P. L. 587, sec. 10, 28 PS §307.1, et seq. Such act provides that in a civil action, such as this, in which paternity, parentage or identity of a child is a relevant factor, the court, upon its own initiative, shall order the mother, child and father to submit to blood tests for the purpose of determining paternity.

The legal issue thus raised by this action is whether or not such act is applicable to actions involving support of a minor child born during wedlock. It is well said of law in this Commonwealth that neither a husband nor wife may testify as to nonaccess and thus bastardize a child born during their coverture.

Further, there is a presumption of legitimacy of many children born in wedlock. However, this presumption on occasion has been held to be revertible and can be overcome by expert testimony such as that provided for in the "Uniform Act on Blood Tests to Determine Paternity." In a somewhat similar factual situation of Commonwealth ex rel. Goldman v. Goldman, 199 Pa. Superior Ct. 274, the husband in that case, after his wife brought an action for support of the minor child involved, was entitled to an order requiring the parties to submit to a blood test when, in that case, the husband denied paternity of a child conceived and born while the parties were separated.

Contrary to the position of defendant, "all the circumstances" do not warrant a discharge of the defendant in the present proceedings. Prior to the date of marriage, defendant-husband was in Florida and courted his bride-to-be, prior to moving here to Pennsylvania, and their subsequent marriage on December 19, 1970. Thus, for a period from December 19, 1970, to January 9, 1971, when the wife left her husband and returned to Florida, the parties were presumably in full enjoyment of their marital privileges. Wherefore, this court concludes that defendant-husband is entitled to application of the provisions of the "Uniform Act on Blood Tests to Determine Paternity."

## ORDER

And now, July 28, 1972, in accordance with the aforesaid opinion, the action in support in the above matter is delayed for a period of 90 days from this date, in order that wife-plaintiff, minor child and husband-defendant can submit to the taking of blood grouping tests, in order to possibly exclude defendant-

husband as a father of said minor child. After such tests are taken and the blood grouping results are compared and analyzed, this court shall receive such evidence before making any final order in this matter.

Unless wife-plaintiff, and the minor child involved, submit to such blood grouping tests within such 90-day period, this action for support is dismissed.